UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2005 AUG -9 A 9: 38

WENDY DEAN,

    Plaintiff,

vs.

CASE NO: 3:05cv757-W

CITY OF OPELIKA,
a municipal corporation,

    Defendant.
_____/

## COMPLAINT

Plaintiff, WENDY DEAN ("Plaintiff"), through undersigned counsel, hereby files this Complaint and sues the CITY OF OPELIKA, a municipal corporation for injunctive relief, attorney's fees and costs pursuant to 42 U.S.C §12101 et. seq, ("AMERICANS WITH DISABILITIES ACT" or "ADA") and allege:

### JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title II of the Americans With Disabilities Act, 42 U.S.C. §12101 et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C §§1331 and 1343.

2.    Venue is proper in this Court, the Eastern Division of the Middle District of Alabama pursuant to 28 U.S.C. §1391 (B) and Local Rules of the United States District Court for the Middle District of Alabama.

3.    Plaintiff, WENDY DEAN (hereinafter referred to as "DEAN") is a resident of the State of Alabama and is a qualified individual with a disability under the ADA. DEAN suffers from what constitutes a "qualified disability" under the Americans With Disabilities Act of 1990,

1

("ADA") and all other applicable Federal statutes and regulations to the extent that she requires a wheelchair for mobility. Prior to instituting the instant action, DEAN personally availed herself of the City of Opelika's programs and services and visited the Defendant's facilities, including but not limited to the city streets, city parking, sidewalks, curbcuts, curb ramps, Opelika Municipal Park and West Ridge Park personally and was denied full, safe and equal access to the subject programs, services, facilities and properties of Defendant which are the subjects of this lawsuit due to their lack of accessibility and compliance with the ADA. DEAN continues to desire to avail herself of the programs and services of OPELIKA and continues to desire to visit the Defendant's facilities but continues to be denied full, safe and equal access due to the violations which continue to exist.

4. The Defendant, the City of Opelika (hereinafter referred to as "OPELIKA"), is a municipal corporation conducting business in the State of Alabama. Upon information and belief, OPELIKA is the operator, owner and/or lessee of the programs and services offered by OPELIKA as well as the facilities, real properties and improvements which are the subject of this action, including but not limited to the city streets, city parking, sidewalks, curbcuts, curb ramps, Opelika Municipal Park, and West Ridge Park. On information and belief, OPELIKA has at least fifty employees.

5. All events giving rise to this lawsuit occurred in the Middle District of Alabama.

### COUNT I - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

6. On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 et. seq.

7. In Title II of the ADA, Congress provided that no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of a public entity, or be subjected to discrimination by any such entity.

8. Title II of the ADA also requires that a public entity shall take appropriate steps to ensure that communications with applicants, participants, and members of the public with disabilities are as effective as communications with others 28 C.F.R. §35.160(a).

9. Title II of the ADA also requires a public entity to furnish appropriate auxiliary aids and services where necessary to afford an individual with a disability an equal opportunity to participate in, and enjoy the benefits of a service, program, or activity conducted by a public entity. 28 C.F.R. §35.160(b)(1).

10. Title II of the ADA and 28 C.F.R. Section 35.105 required Defendant to have completed a Self-Evaluation by January 26, 1993 of its current services, policies, and practices, and the effects thereof, that do not comply with the ADA. Defendant was required to proceed to make the necessary modifications. Defendant has not completed an adequate Self-Evaluation.

11. Title II of the ADA and 28 C.F.R. Section 35.105 required Defendant to develop a Transition Plan by July 26, 1992, provided Defendant has 50 or more employees, where structural changes in its existing facilities needed to be undertaken to achieve program accessibility for all persons with disabilities, including Plaintiff. Defendant failed to adequately develop a Transition Plan.

12. Defendant's failure to adequately complete its Self-Evaluation and failure to adequately develop a Transition Plan which fully meets the requirements of the ADA, provided Defendant has 50 or more employees, has denied, and continues to deny Plaintiffs their rightful opportunity for equal access.

13. Defendant was required to have completed structural changes in its facilities over a decade ago, and, in any event, no later than January 26, 1995 regardless of whether a Transition Plan was required. 28 C.F.R. Section 35.150(c). Defendant has failed to complete the required structural changes to achieve equal program, service or activity access to their facilities.

14. As a governmental and public entity charged with ensuring compliance with federal law, Defendant has known of its duties and obligations under Title II of the ADA for over nine years. Despite this knowledge, Defendant has arbitrarily and intentionally refused to adequately comply with the ADA's Self-Evaluation requirements and, provided Defendant has 50 or more employees, the ADA's Transition Plan requirements.

15. Defendant has known of its duties and obligations under Title II of the ADA to complete the necessary and required structural changes for over nine years. Defendant has arbitrarily and intentionally refused to complete the necessary and required structural changes to its facilities by the January 26, 1995 date as mandated by federal law.

16. Defendant's failure to adequately meet all of their ADA obligations including, *inter alia*, to complete a Self-Evaluation, to develop a Transition Plan for modification of existing facilities, and to have fully implemented all structural

modifications, has denied, and continues to deny, Plaintiff access to Defendant's programs, services and activities that are otherwise available to persons without disabilities.

17. As a governmental and public entity, and as officials comprised of the highest level of decision makers, Defendant has engaged in conduct and acts of omission that subject Plaintiff to discrimination solely on the basis of their disabilities. Defendant directly participated in or acquiesced in the conduct or acts of omission described in this Complaint. Defendant's discrimination against Plaintiff solely on the basis of her disabilities has been, and continues to be, arbitrary, knowing and intentional.

18. Under Title II of the ADA, the programs and activities of public entities must be accessible to people with disabilities unless that would cause a "fundamental alteration" to the program or activity or constitute an "undue financial and administrative burden" to the entity. 28 C.F.R. §35.149-150. It is the burden of the entity to prove that compliance would result in such fundamental alteration or financial burden. Further, any decision that compliance would result in alteration or burden must be made after "considering all resources available for use in the funding and operation of the service, program, or entity, and must be accompanied by a written statement of the reasons for reaching that conclusion." 28 C.F.R. §35.150(a)(3). OPELIKA cannot meet this burden.

19. Plaintiff was subjected to discrimination when she attempted to access the programs, services and facilities operated and owned by OPELIKA. Plaintiff continues to desire to utilize OPELIKA's programs and services as well as return to the facilities owned and operated by OPELIKA and therefore will continue to suffer discrimination by OPELIKA in the future.

20. OPELIKA has discriminated against Plaintiff by denying her full and equal enjoyment of benefits of a service, program or activity conducted by a public entity as prohibited by 42 U.S.C. §12101 et seq., and by failing to remove architectural barriers pursuant to 28 C.F.R. Section 35.150.

21. Pursuant to the mandates of 42 U.S.C. § 12134(a), the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 35 and ADA Standards for Accessible Design, 28 C.F.R. Part 36, Appendix A.

22. Defendant, OPELIKA has discriminated, and continues to discriminate against the Plaintiff, and others who are similarly situated, by denying access to, and full and equal enjoyment of goods, services, facilities, privileges, advantages and/or accommodations of OPELIKA in derogation of Title II of the ADA, 42 U.S.C. § 12101 et. seq.

23. The Plaintiff has been unable to and continues to be unable to enjoy full, safe and equal access to the benefits of the programs, services and facilities owned, operated and/or leased by OPELIKA.

24. In addition to not providing equal access to the programs and services offered and operated by OPELIKA, OPELIKA is in violation of 42 U.S.C. § 12101 et.seq. and 28 C.F.R. § 36.302 et. seq. and is discriminating against the Plaintiff due to the following violations, inter alia,:

Opelika Municipal Park

    (i)    Accessible parking spaces are located on steep inclines;

    (ii)   Accessible routes are not provided to and from all areas of interest within the park;

(iii) Accessible signage is not posted at the toilet rooms;

(iv) The ramp leading to the street crossing to the recreational center is too steep and lacks necessary handrails;

(v) Accessible parking spaces in the recreational center lack access aisles;

(vi) The pool area lacks a lift or ramp to provide access;

(vii) Accessible signage and visual alarms are not provided throughout the recreational center;

(viii) The doors throughout the recreational center are equipped with knob hardware that requires pinching, grasping or twisting of the wrist to operate;

(ix) The toilet rooms in the recreational center lack accessible signage and the doorways are too narrow for a wheelchair user to enter;

(x) Sufficient knee clearance is not provided at the lavatories for a wheelchair user, the lavatory pipes are not insulated and the faucet hardware requires grasping and twisting of the wrist to operate;

(xi) The accessible toilet stalls provided in the recreational center are too small for wheelchair users and no standard accessible toilet stalls are provided;

(xii) The mirrors in the recreational center toilet rooms are too high;

(xiii) The soap and paper towel dispensers in the recreational center toilet rooms are out of reach range;

(xiv) The accessible parking space at the tennis courts lacks an accessible aisle and is not located on an accessible route;

(xv) Handrails are not provided on the route leading to the tennis courts;

(xvi) The toilet rooms near the tennis court are not accessible given the existence of stairs at the entrance and the lack of a wheelchair accessible ramp;

(xvii) An accessible route to the bleachers at the tennis courts is not provided;

(xviii) There is a threshold of approximately 2 ½ inches at both entrances into one of the tennis courts;

(xix) The route leading to the nearest toilet room from the tennis court is too steep and lacks compliant handrails and there is a step at the entrance of these toilet rooms.

West Ridge Park

(i) Access aisles are not provided at all accessible parking spaces;

(ii)   Accessible seating is not provided in the ball field;

(iii)  Access to bleachers and accessible seating is not provided;

(iv)   Accessible signage is not posted at the toilet rooms;

(v)    Coat hooks in accessible toilet rooms are out of reach range;

(vi)   Sufficient clear floor space on the pull side of the accessible toilet room stalls necessary for a wheelchair user to enter is not provided;

(vii)  The concession stands throughout the park are too high for wheelchair users;

(viii) An accessible route to the dugouts is not provided;

(ix)   Compliant handrails are not provided at the ramp on the accessible route from the parking lot to the ball field;

<u>Downtown Opelika</u>

(i)    There is a lack of wheelchair accessible parking in the commercial district located in downtown Opelika;

(ii)   There is a lack of wheelchair accessible routes throughout the commercial district in downtown Opelika;

(iii)  The accessible parking provided on 8th Street in downtown Opelika lacks access aisles;

(iv)   The accessible parking located on 8th Street in downtown Opelika is located in a manner that blocks the curb ramp providing access to the sidewalk with parked vehicles;

(v)    The curb ramp providing access to the sidewalk on 8th Street in downtown Opelika from the accessible parking spaces is too steep;

25.    Upon information and belief, there are other current violations of the ADA with respect to the programs, services and facilities owned, operated and/or leased by OPELIKA and only once a full inspection is performed by Plaintiff or Plaintiff's representatives can all said violations be identified.

26.    The Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action. Plaintiff is entitled to have its reasonable attorney's

fees, costs and expenses paid by OPELIKA pursuant to 42 U.S.C. § 12205.

27. Pursuant to 42 U.S.C. § 12188, this Court is vested with the authority to grant Plaintiff's injunctive relief, including an Order to alter the subject programs, services and facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject programs, services and facilities until the requisite modifications are completed.

WHEREFORE, the Plaintiff demands judgment against OPELIKA and requests the following injunctive and declaratory relief:

    A. That the Court declare that the programs, services and facilities owned, operated and administered by OPELIKA, are violative of the ADA;

    B. That the Court enter an Order directing OPELIKA to alter its programs, services and facilities to make them accessible to and useable by individuals with disabilities to the full extent required by Title II of the ADA;

    C. That the Court enter an Order directing OPELIKA to evaluate and neutralize its policies and procedures towards persons with disabilities for such reasonable time so as to allow OPELIKA to undertake and complete corrective procedures;

    D. That the Court award reasonable attorney's fees, costs (including expert fees) and other expenses of suit, to the Plaintiff; and

    E. That the Court award such other and further relief as it deems necessary, just and proper.

Dated this 5th day of August, 2005.

                          Respectfully submitted,

                          By: _____
                               Edward I. Zwilling, Esq.

**OF COUNSEL:**
Schwartz Zweben & Slingbaum, LLP
300 Office Park Drive, Suite 217
Birmingham, Alabama 35223
Telephone:     (205) 871-8089
Facsimile:     (205) 871-8091
Email:         ezwilling@szalaw.com