IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| WENDY DEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:05-cv-757-W |
| ) | |
| CITY OF OPELIKA, ) | |
| a municipal corporation, ) | |
| ) | |
| Defendant. ) | |

## ANSWER

COMES NOW the Defendant City of Opelika and herewith gives answer as follows:

### I. JURISDICTION AND PARTIES

1. Defendant denies the allegations of paragraph one.

2. In response to the allegations of paragraph two, Defendant admits that venue is proper but denies any liability and/or wrongdoing, or that plaintiff is entitled to any relief.

3. Defendant denies the allegations of paragraph 3.

4. Defendant admits it is a municipal corporation and has at least fifty employees; otherwise it denies the allegations of paragraph 4.

5. Defendant denies the allegations of paragraph 5.

### COUNT I VIOLATIONS OF ADA

6. Based on information and belief, Defendant admits the allegations of paragraph 6.

7. Defendant denies the allegations of paragraph 7.

8. Defendant denies the allegations of paragraph 8.

9. Defendant denies the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10.

11. Defendant denies the allegations of paragraph 11.

12. Defendant denies the allegations of paragraph 12.

13. Defendant denies the allegations of paragraph 13.

14. Defendant denies the allegations of paragraph 14.

15. Defendant denies the allegations of paragraph 15.

16. Defendant denies the allegations of paragraph 16.

17. Defendant denies the allegations of paragraph 17.

18. Defendant denies the allegations of paragraph 18.

19. Defendant denies the allegations of paragraph 19.

20. Defendant denies the allegations of paragraph 20.

21. Defendant denies the allegations of paragraph 21.

22. Defendant denies the allegations of paragraph 22.

23. Defendant denies the allegations of paragraph 23.

24. Defendant denies the allegations of paragraph 24.

25. Defendant denies the allegations of paragraph 25.

26. Defendant denies the allegations of paragraph 26.

27. Defendant denies plaintiff's entitled to any injunctive relief; otherwise it denies the allegations of paragraph 27.

28. Defendant denies plaintiff is entitled to any relief.

## AFFIRMATIVE DEFENSES

1. Defendant denies each and every allegation of the Complaint which is not specifically admitted herein and demands strict proof of same.

2. Defendant avers this Court lacks subject matter jurisdiction.

3. Defendant avers that plaintiff lacks standing to bring this action.

4. Defendant avers plaintiff is precluded from challenging, lacks standing, and cannot bring a cause of action as to any program, service, and facility to which her accessability, participation and usage is not prevented by her alleged disability.

5. Defendant avers the Complaint and each count fail to state a cause of action entitling Plaintiff to relief.

6. Defendant denies it has discriminated against plaintiff and denies it is guilty of any wrongdoing.

7. Defendant avers plaintiff has failed to exhaust her available state remedies.

8. Defendant avers that some or all of plaintiff's complaints are barred by statute of limitations.

9. Defendant avers plaintiff failed to serve timely and sufficient notice as required by law.

10. Defendant avers plaintiff failed to exhaust administrative remedies and/or requirements and that any such efforts were/are untimely.

11. Defendant pleads immunity.

12. Defendant pleads qualified immunity.

13.   Defendant pleads discretionary function immunity.

14.   Defendant avers that plaintiff's claims are barred by the doctrines of waiver and estoppel.

15.   Defendant avers plaintiff's claims are barred by the doctrine of latches.

16.   Defendant pleads good faith.

17.   Defendant avers that compliance with the Federal statutes is unreasonable and constitutes an undue hardship.

18.   Defendant avers that accommodation of plaintiff's request would impose undue financial and/or administrative burdens on this Defendant.

19.   Defendant avers the accommodation of plaintiff's request would require fundamental alteration in nature of the facilities and programs of which plaintiff complains and that such accommodations are not readily achievable.

20.   Defendant avers the changes about which plaintiff complains are not reasonable modifications nor accommodations and are not readily achievable nor easily accomplished and would be unduly burdensome.

21.   Defendant avers that some or all of the facilities about which plaintiff complains were constructed prior to the enactment of the ADA and are therefore not subject to regulations regarding new constructions.

22.   Plaintiff has failed to establish an injury in fact.

23.   Defendant avers it has no policy or custom of discrimination of any protected person including the disabled.

24.   Defendant avers that some or all of the facilities described in the

complaint were existing facilities on January 26, 1992, the effective date of the *Americans With Disabilities Act* and that the removal of alleged barriers is not readily achievable, and Defendant is not obligated to remove the alleged barriers.

25.   Defendant avers that plaintiff failed to provide notice of the alleged accessability shortcomings of the facilities prior to filing this suit and therefore is  barred from recovery including that of attorney fees, costs, or expenses.

s/ Randall Morgan
RANDALL MORGAN [MORG8350]
Attorney for Defendant City of Opelika

OF COUNSEL:
**HILL, HILL, CARTER, FRANCO**
  **COLE & BLACK, P.C.**
P. O. Box 116
Montgomery, AL 36101
(334) 834-7600
(334) 263-5969-Fax

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this the 28th day of September, 2005, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification to the following via email:

Edward I. Zwilling
Schwartz, Zweben & Slingbaum, LLP
300 Office Park Drive, Suite 217
Birmingham, AL 35223
ezwilling@szalaw.com

/s/ Randall Morgan
RANDALL MORGAN [MORG8350]
Attorney for Defendant City of Opelika
